# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

RICHARD KENNETH THOMAS                                    PLAINTIFF

v.                                                         Civil No. 3:18-cv-00062-GHD-RP

UNIVERSITY OF MISSISSIPPI and BOARD OF
TRUSTEES OF THE INSTITUTE OF HIGHER LEARNING        DEFENDANTS

## MEMORANDUM OPINION

Now before this Court is Defendants University of Mississippi and Board of Trustees of the Institute of Higher Learning's motion to dismiss for lack of jurisdiction and failure to state a claim [3]. Having considered the matter, the Court finds the motion should be granted.

### Background

The Plaintiff, Dr. Richard Thomas, is a former professor at the University of Mississippi's Desoto campus. After Defendants terminated his employment, Thomas filed his complaint against the University and the Board itself in this action alleging breach of contract and due process violations.

Defendants filed a motion to dismiss, arguing they are entitled to Eleventh Amendment immunity, and that they are not "persons" under 42 U.S.C. § 1983. On May 9, 2018, Thomas moved to amend his complaint by adding several individual defendants employed by the University of Mississippi and the Board. The Court granted Thomas's motion to amend that same day and ordered Thomas to file his amended complaint within seven days. *See* L.U. Civ. R. 7(b)(2)(stating that a party must file an amended pleading within seven days of entry of the order granting a motion to amend) To date, Thomas has failed to file his amended complaint or respond to Defendants' motion to dismiss. Therefore, the Court will proceed on Defendants' motion.

1

## Discussion

Defendants argue that the complaint should be dismissed for two reasons. First, they argue that as "arms of the state" they are entitled to Eleventh Amendment immunity from this suit. Thus, they move under Rule 12(b)(1) for this Court to dismiss the case for lack of jurisdiction. Second, they argue that they are not "persons" for the purposes of § 1983. Therefore, they also make a Rule 12(b)(6) motion for the Court to dismiss the complaint for failure to state a claim for relief under § 1983. Because, as set forth below the Court finds the motion should be granted on the first ground, it does not consider the second.

1. **12(b)(1) Motion to Dismiss Standard**

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. App'x 860, 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This " 'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.' " *Id.*

A Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction. " '[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist.' " *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit. Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted)).

The Fifth Circuit has instructed:

> A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. Thus, under Rule 12(b)(1), the district court can

> resolve disputed issues of fact to the extent necessary to determine jurisdiction[.]

*Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quotation marks and citation omitted). In ruling on a Rule 12(b)(1) motion to dismiss, the Court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (internal quotation marks and citation omitted).

### 2. Eleventh Amendment Immunity

The Eleventh Amendment provides that: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI; "The Eleventh Amendment strips courts of jurisdiction over claims against a state that has not consented to suit." *Pierce v. Hearn Indep. Sch. Dist.*, 600 F. App'x 194, 197 (5th Cir. 2015) (per curiam) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)).

The Fifth Circuit has stated: "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (internal citations omitted). "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. of Regents*, 535 U.S. 613, 616, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citation omitted). Indeed, "[t]he amendment has been judicially construed to bar federal jurisdiction over suits brought against a state by its own citizens, despite the absence of language to that effect." *See Jagnandan v. Giles*, 538 F.2d 1166, 1177 (5th Cir.),

*cert. denied*, 432 U.S. 910, 97 S. Ct. 2959, 53 L. Ed. 2d 1083 (1977) (citations omitted). Both federal and pendent state law claims are barred from being asserted against a state in federal court. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 119–21, 104 S. Ct. 900.

Eleventh Amendment immunity extends only to states themselves. *Alden v. Maine*, 527 U.S. 706, 756, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999). Entities that are not "arms of the state" are not afforded Eleventh Amendment immunity. *Id.* The first step, in the Court's analysis, therefore, is to determine whether the University and IHL are "arms of the state".

The University of Mississippi is a state university, managed and controlled by the Board of Trustees of the Institute of Higher Learning; both entities are established by the Mississippi Constitution. *See* Miss. Const. art. VIII. The Defendants are considered an arm of the state for Eleventh Amendment purposes. *See Jagnandan* 538 F.2d at 1174 (explaining how the State of Mississippi of is "inextricably involved in all facets of the Board's operation of" state universities); *Kermode v. Univ. of Mississippi Med. Ctr.*, 496 F. App'x 483, 488 (5th Cir. 2012). Therefore, this suit may proceed against them only if an exception to Eleventh Amendment Immunity applies.

There are three possible exceptions to Eleventh Amendment immunity: (i) valid abrogation by Congress; (ii) waiver or consent to suit by the state; or (iii) the state's amenability to suit under the *Ex parte Young* doctrine. The Court examines each possible exception in turn.

*A. Abrogation*

Abrogation of Eleventh Amendment immunity applies only if Congress has unequivocally expressed its intent to abrogate a state's sovereign immunity via Section 5 of the Fourteenth Amendment. *Duncan v. Univ. of Tex. Health Sci. Ctr. at Houston*, 469 F. App'x 364, 366 (5th Cir. 2012) (per curiam) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001)). There is no evidence that Congress has intended abrogate Eleventh Amendment immunity for § 1983 claims. *See Quern v. Jordan*, 440 U.S. 332, 345, 99 S. Ct. 1139,

59 L. Ed. 2d 358 (1979). Nor has Congress abrogated immunity for state law breach of contract claims. *Yul Chu v. Mississippi State Univ.*, 901 F. Supp. 2d 761, 773 (N.D. Miss. 2012), *aff'd*, 592 F. App'x 260 (5th Cir. 2014). Accordingly, abrogation does not apply as an exception to Eleventh Amendment immunity on any of Thomas's claims against the Defendant in the case *sub judice*.

*B. Waiver*

The second exception to Eleventh Amendment immunity provides that sovereign immunity from suit is waivable, but such waiver must be clearly stated and will not be easily implied. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997); *Jagnandan*, 538 F.2d at 1117 (citing *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *Petty v. Tenn.-Mo. Bridge Comm'n*, 359 U.S. 275, 276, 79 S. Ct. 785, 3 L. Ed. 2d 804 (1959)). Mississippi has not waived immunity for either breach of contract or § 1983 claims. *See Yul Chu*, 774 F. Supp. 2d at 774; Miss. Code Ann. § 11-46-5(4).

*C. Ex parte Young Doctrine*

The third and final exception to Eleventh Amendment immunity is a state's amenability to suit under the *Ex parte Young* doctrine. To overcome Eleventh Amendment immunity, the plaintiff must bring an action grounded in federal law for monetary relief that is "ancillary" to injunctive relief against named state officials. *Edelman*, 415 U.S. at 667–68, 94 S. Ct. 1347. *Ex parte Young* allows suit to be brought against a state officer in federal court for the purpose of enforcing the Supremacy Clause of the Constitution if the following criteria are met: (1) the plaintiff has pleaded his case against the state official responsible for enforcing the law at issue in that person's official capacity; (2) the plaintiff has alleged an ongoing violation of federal law; and (3) the plaintiff has requested the proper relief, that is, prospective, injunctive relief, or relief that is ancillary to prospective relief. *See Walker v. Livingston*, 381 F. App'x 477, 478 (5th Cir. 2010) (per curiam)

(citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996)).

Thomas's claims do not meet the requirements to invoke the *Ex parte Young Doctrine*. First, Thomas does not name any state official as defendant but rather the state agencies as a whole— the University of Mississippi and the Board of Trustees. Second, his requests for monetary damages are not "ancillary" to any injunctive relief. Finally, to the extent he seeks relief for his breach for his breach of contract claim, the doctrine is inapplicable to any injunctive relief sought to remedy violations of state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 104, 104 S. Ct. 900, 910, 79 L. Ed. 2d 67 (1984). Therefore, the doctrine does not apply. Because no exception applies, Defendants are immune to Thomas's claims in this Court. Those claims should be dismissed.

## Conclusion

The Court finds that Defendants, as arms of the state, are entitled to Eleventh Amendment immunity against Thomas's claims. Accordingly, this Court does not have jurisdiction to hear this case. Defendants' motion will be granted.

An order in accordance with this opinion shall issue this day.
This, the 31 day of May, 2018.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE