IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RICHARD KENNETH THOMAS                                              PLAINTIFF

v.                                                      Civil No. 3:18-cv-00062-GHD-RP

UNIVERSITY OF MISSISSIPPI, *et al.*                                 DEFENDANTS

MEMORANDUM OPINION

The Court has before it a motion to dismiss [Doc. 35] filed by Defendants. For the reasons set forth below the Court finds that the motion should be granted but that Plaintiff should be allowed to amend his complaint.

Plaintiff Richard Thomas is a former professor at the University of Mississippi's DeSoto campus. After an internal Title IX investigation, Thomas was terminated from his employment with the University. He now brings this action asserting that University, the Board of Trustees of the State Institution of Higher Learning ("IHL"), and University employees Noel Wilkins, Lee Cohen, Rebecca Bressler, Rick Gregory, Kirsten Dellinger, and Honey Ussery (collectively the "employee Defendants") both in their official and individual capacities, violated his Fourteenth Amendment rights. Specifically, he alleges Defendants deprived him of his employment contract without due process in terminating him without a fair investigation and that the Defendants deprived him of his liberty by using an unfair investigation to disparage him. Thomas also brings a state law breach of contract claim against Defendants.

Defendants now move to dismiss the amended complaint. They argue the claims against University, IHL, and the employee Defendants in their official capacities should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because they enjoy Eleventh Amendment immunity. Defendants

1

also argue the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## Standards of Review

### I. 12(b)(1) Standard

A Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction. " '[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist.' " *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit. Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted)).

The Fifth Circuit has instructed:

> A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. Thus, under Rule 12(b)(1), the district court can resolve disputed issues of fact to the extent necessary to determine jurisdiction[.]

*Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quotation marks and citation omitted). In ruling on a Rule 12(b)(1) motion to dismiss, the Court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (internal quotation marks and citation omitted).

### II. 12(b)(6) Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Analysis

### I. Eleventh Amendment Immunity

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. App'x 860, 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.'" *Id.*

Defendants first assert that the University, IHL, and the employee Defendants in their official capacities are immune from suit under sovereign immunity.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; "The Eleventh Amendment strips courts of jurisdiction over claims against a state that has not consented to suit." *Pierce v. Hearn Indep. Sch. Dist.*, 600 F. App'x 194, 197 (5th Cir. 2015) (per curiam) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)).

The Fifth Circuit has stated this "immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (internal citations omitted). "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. of Regents*, 535 U.S. 613, 616, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citation omitted). Both federal and pendent state law claims are barred from being asserted against a state in federal court. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 119–21, 104 S. Ct. 900.

Eleventh Amendment immunity extends only to states themselves. *Alden v. Maine*, 527 U.S. 706, 756, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999). Entities that are not "arms of the state" are not afforded Eleventh Amendment immunity. *Id.*

The University of Mississippi is a state university, managed and controlled by the Board of Trustees of the Institute of Higher Learning; both entities are established by the Mississippi Constitution. *See* Miss. Const. art. VIII. The University and IHL are considered an arm of the state for Eleventh Amendment purposes. *See Jagnandan* 538 F.2d at 1174 (explaining how the State of

Mississippi of is "inextricably involved in all facets of the Board's operation of" state universities); *Kermode v. Univ. of Mississippi Med. Ctr.*, 496 F. App'x 483, 488 (5th Cir. 2012). Further, a suit against the University employees in their official capacities is the same as a suit against the University itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) The employee Defendants in their official capacities are therefore arms of the state. The claims against University, IHL, and employees in their official capacities must be dismissed unless an Eleventh Amendment immunity applies.

*a. Abrogation*

Abrogation of Eleventh Amendment immunity applies only if Congress has unequivocally expressed its intent to abrogate a state's sovereign immunity via Section 5 of the Fourteenth Amendment. *Duncan v. Univ. of Tex. Health Sci. Ctr. at Houston*, 469 F. App'x 364, 366 (5th Cir. 2012) (per curiam) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001)). There is no evidence that Congress has intended abrogate Eleventh Amendment immunity for § 1983 claims. *See Quern v. Jordan*, 440 U.S. 332, 345, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). Nor has Congress abrogated immunity for state law breach of contract claims. *Yul Chu v. Mississippi State Univ.*, 901 F. Supp. 2d 761, 773 (N.D. Miss. 2012), *aff'd*, 592 F. App'x 260 (5th Cir. 2014). Accordingly, abrogation does not apply as an exception to Eleventh Amendment immunity on any of Thomas's claims against the Defendants in this case.

*b. Waiver*

The second exception to Eleventh Amendment immunity provides that sovereign immunity from suit is waivable, but such waiver must be clearly stated and will not be easily implied. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997); *Jagnandan*, 538 F.2d at 1117 (citing *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *Petty v. Tenn.-Mo. Bridge Comm'n*, 359 U.S. 275, 276, 79 S. Ct. 785, 3 L. Ed.

2d 804 (1959)). The State of Mississippi has not waived immunity for either breach of contract or § 1983 claims. *See Moore v. Univ. Mississippi Med. Ctr.*, 719 F. App'x 381, 387 (5th Cir. 2018) ("While Mississippi has waived its state sovereign immunity to suit in state court for breach of contract, there is no unequivocal statement of its intent to also waive its Eleventh Amendment immunity to suit in federal court."); *Yul Chu*, 774 F. Supp. 2d at 774; Miss. Code Ann. § 11-46-5(4).

    *c. Ex parte Young Doctrine*

The third and final exception to Eleventh Amendment immunity is a state's amenability to suit under the *Ex parte Young* doctrine. To overcome Eleventh Amendment immunity, the plaintiff must bring an action grounded in federal law for monetary relief that is "ancillary" to injunctive relief against named state officials. *Edelman*, 415 U.S. at 667–68, 94 S. Ct. 1347. *Ex parte Young* allows suit to be brought against a state officer in federal court for the purpose of enforcing the Supremacy Clause of the Constitution if the following criteria are met: (1) the plaintiff has pleaded his case against the state official responsible for enforcing the law at issue in that person's official capacity; (2) the plaintiff has alleged an ongoing violation of federal law; and (3) the plaintiff has requested the proper relief, that is, prospective, injunctive relief, or relief that is ancillary to prospective relief. *See Walker v. Livingston*, 381 F. App'x 477, 478 (5th Cir. 2010) (per curiam) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996)).

Because the *Ex parte Young* exception concerns only injunctive relief aimed at individual officers, and not the entities themselves, it does not apply to Thomas's claims against the University and IHL. As no exception applies, they are thus entitled to Eleventh Amendment and Thomas's claims against them are dismissed.

As to the employee Defendants, Thomas asserts that he seeks, as injunctive relief, reinstatement of his teaching position and an order requiring the employees to comply with the Due

6

Process Clause of the Fourteenth Amendment. As to the latter, Thomas does not identify what current and ongoing Fourteenth Amendment violations the individual Defendants are committing. *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Jurisdiction over a plaintiff's claims for future relief is appropriate only if a reasonable likelihood exists that *the plaintiff* will again be subjected to the allegedly unconstitutional actions.") (emphasis in original).

As to the former, reinstatement is the type of prospective, injunctive relief to which the *Ex Parte Young* exception applies. *Id.* Defendants argue, however, that none of the named employees possess the power to reinstate him, and thus, Thomas cannot maintain a suit for reinstatement against them, because they are not in a "position to provide the requested relief". *See Fairley v. Stalder*, 294 F. App'x 805, 812 (5th Cir. 2008)

Thomas responds by pointing to a letter written by Defendant Noel Wilkins telling Thomas that the "decision to continue or terminate your employment is a decision that is within the authority of the department chair and college dean." Wilkins Letter, Pl.'s Resp. in Opp., Ex. 2 [Doc. 40-2]. Thomas argues that, according to this letter, the department chair and college dean are entitled to make employment decisions, and that because he has sued his department chair, Kirsten Dellinger, and the college dean, Lee Cohen, he may pursue his claim for reinstatement.

The Court first notes that even under Thomas's argument, none of the other employee Defendants have authority to reinstate him. Thus, he seeks no prospective, injunctive relief against them, and so the official capacity claims against all other employee Defendants other than Dellinger and Cohen must be dismissed.[1]

---

[1] Although Thomas points to numerous actions taken by the other individual Defendants with respect to his termination, he does not identify how they can provide him with future injunctive relief related to his reinstatement.

The Court finds that Wilkins' letter does not establish that Dellinger and Cohen can provide Thomas with the relief he seeks. First, the letter states that "decision to *continue or terminate*" is within the authority of the department chair and dean. What Thomas seeks is reinstatement—to be hired again—and the letter provides no evidence that Dellinger and Cohen have authority to do that. Second, state law, and the policies and bylaw of both IHL and the University provide that only the IHL and the Chancellor of the University may make faculty hiring decisions. *See* Miss. Code Ann. § 37-10-15 (giving IHL authority to contract with faculty); IHL Board of Trustees Policies and Bylaws § 401.0102, http://www.mississippi.edu/board/downloads/polic ies-andbylaws.pdf (giving IHL Commissioner and executive officer of university power to "make all appointments and promotions of faculty and staff); University of Mississippi Faculty Titles and Rank Policy, Pl.s Resp. in Opposition, Ex. 4 [Doc. 40-4], at 1 (identifying IHL Commissioner and Chancellor as individuals who make faculty appointments). Even if Wilkins's letter suggested that Dellinger and Cohen possessed hiring authority, that letter would not override state law. Thus, Thomas has not shown that any of the individual Defendants can provide him with the injunctive relief he seeks. The *Ex Parte Young* exception does not apply. For that reason, Thomas's official capacity claims against the employee Defendants, like those against IHL and the University, must be dismissed.

## II. Failure to State a Claim

With respect to the remaining claims against the employee Defendants in their individual capacities, Defendants argue that Thomas has failed to state a claim for relief for several reasons. First, Defendants argue the individual Defendants are entitled to qualified immunity. Second, Defendants argue that Thomas has not alleged either a property or liberty interest the employees have deprived them off. Third, concerning Thomas's state law breach of contract claim, Defendants argue that the claim is barred by the Mississippi Tort Claims Act. Finally, Defendants argue that

8

Thomas has failed to state a breach of contract claim. Alternatively, Defendants ask the Court not to exercise supplemental jurisdiction over the breach of contract claim.

Thomas has sued a number of individuals in this case. In analyzing Defendants' motion, the Court has attempted to discern which claims Thomas makes against which Defendants. That task is impossible because Thomas's amended complaint is a shotgun pleading.

The Eleventh Circuit has identified several types of shotgun pleadings:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Such pleadings run afoul of Rule 8 Federal Rules of Civil Procedure, which requires that claims for relief contain "a short plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), because "they fail to one degree or another, and in one way or another, to give the

defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.[2]

Thomas's amended complaint commits two shotgun pleading "sins." First, it realleges and reincorporates by reference all of the factual allegations into each count. Thus, it is impossible to identify which facts support which cause of action. Second, it asserts each cause of action against all Defendants, even though it appears that Thomas is not, and cannot, make assert each cause of action against every Defendant.[3] No Defendant here could ascertain which claim, upon which actions, Thomas asserts against him or her. The Court cannot determine whether Thomas has stated a cause of action against any Defendant because he has not identified what conduct by each Defendant supports what claim.

Thomas must be more specific in his claims. The amended complaint as is should be dismissed. *See Copeland v. Axion Mortg. Grp. LLC*, No. 1:16-CV-159-HSO, 2016 WL 4250431, at *4 (S.D. Miss. Aug. 11, 2016) ("Shotgun complaints are subject to dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6).") (citations omitted). "When a court dismisses a complaint on the basis of a failure to comply with Rule 8, it is generally appropriate to provide the plaintiff an opportunity to remedy the pleading deficiencies through the filing of an amended complaint." *Moore v. Mississippi Gaming Comm'n*, No. 1:15-CV-00013-DMB, 2015 WL 13019615, at *6

---

[2] The Eleventh Circuit has "filled many pages of the Federal Reporter condemning shotgun pleadings . . . ." *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 & n.8 (11th Cir. 2018). The Fifth Circuit has yet to explicitly join this crusade, but federal courts within this state have, on several occasions, directed plaintiffs to amend shotgun pleadings. *See, e.g., Alexander v. Glob. Tel Link Corp.*, No. 3:17-CV-560-LG, 2018 WL 3469180, at *4 (S.D. Miss. July 18, 2018); *Copeland v. Axion Mortg. Grp. LLC*, No. 1:16-CV-159-HSO, 2016 WL 4250431, at *4–5 (S.D. Miss. Aug. 11, 2016); *Griffin v. HSBC Mortg. Servs., Inc.*, No. 4:14-CV-00132-DMB, 2015 WL 4041657, at *5 (N.D. Miss. July 1, 2015); *Sahlein v. Red Oak Capital, Inc.*, No. 3:13-CV-00067-DMB, 2014 WL 3046477, at *3 (N.D. Miss. July 3, 2014). The Fifth Circuit has, on at least one occasion, tacitly approved a district court's order directing a plaintiff to amend his complaint to correct the pleading deficiencies of a shotgun pleading. *See Ducksworth v. Rook*, 647 F. App'x 383, 385 (5th Cir. 2016).

[3] For example, Thomas appears to assert a breach of contract claim against all Defendants, when it is clear that if he has a contract, it would be only with IHL (which is immune from this suit).

(N.D. Miss. Nov. 2, 2015) (citing *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) ("We think the Trial Court should have dismissed the complaints with leave to amend.")). Accordingly, the Court will permit Thomas to amend his complaint.

## Conclusion

For the seasons set forth above, the Court finds that the University of Mississippi, the Board of Trustees of the State Institutions of Higher Learning, and Noel Wilkins, Lee Cohen, Rebecca Bressler, Rick Gregory, Kirsten Dellinger, and Honey Ussery in their official capacities are entitled to Eleventh Amendment immunity. Defendants motion is therefore granted in that regard. Thomas's § 1983 and breach of contract claims against IHL, the University, and the employee Defendants in their official capacities are dismissed for lack of jurisdiction.

The Court also finds that Thomas's amended complaint is a shotgun pleading that fails to comply with Rule 8 and Rule 12. Defendants' motion is granted. Within thirty days of the entry of this order, he shall file a second amended complaint curing the pleading deficiencies of his complaint described herein; namely, he shall specify what causes of actions he asserts against which Defendants and identify the facts supporting each cause of action.

An order in accordance with this opinion shall issue.

This the 17th day of December, 2018.

_____
SENIOR U.S. DISTRICT JUDGE